1

2

3

4

5

6                    # UNITED STATES DISTRICT COURT

7                         EASTERN DISTRICT OF CALIFORNIA

8

9

10

11   MIGUEL AMEZCUA-GARCIA,                )   1:12cv01891 DLB PC
                                          )
12              Plaintiff,                 )   ORDER DISMISSING COMPLAINT
                                          )   WITH LEAVE TO AMEND
13        vs.                             )
                                          )
14   NORTH KERN STATE PRISON, et al.,      )   **THIRTY-DAY DEADLINE**
                                          )
15              Defendants.                )
                                          )
16   _____

17         Plaintiff Miguel Amezcua-Garcia ("Plaintiff") is a former state prisoner proceeding pro

18   se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983.  Plaintiff filed

19   this action on September 14, 2012, in the Northern District of California.  The action was

20   transferred to this Court on November 19, 2012.  On January 18, 2013, Plaintiff filed a First

21   Amended Complaint ("FAC") as of right.  He names North Kern State Prison, California Prison

22   Health Care Service, Warden Lydia Hence and Does 1-100 as Defendants.

23   **A.**      **SCREENING REQUIREMENT**

24         The Court is required to screen complaints brought by prisoners seeking relief against a

25   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

26   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

27

28

                                          1

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

## B. **PLAINTIFF'S ALLEGATIONS**

The factual allegation in Plaintiff's FAC are sparse.  The events at issue occurred while Plaintiff was incarcerated at North Kern State Prison.  He is currently incarcerated at Giles W. Dalby Correctional Facility in Post, Texas.

Plaintiff alleges that on or about October 27, 2010, he tore and ruptured his right bicep while lifting a water jug in the kitchen of North Kern State Prison.  On various occasions, he saw medical personnel and was just given Motrin or Ibuprofen.

Plaintiff alleges that "on a constant basis," he asked medical personnel to treat his injury, but it took almost two months to have surgery.  He also states that medical personnel were not taking the injury seriously because there is no signature on medication.

Plaintiff cites to exhibits which show that he complained of right arm pain on October 30, 2010, and was seen on November 4, 2010.  On November 6, 2010, Plaintiff complained that the Motrin was not effective and that he could not sleep.  A few days later, he was seen by a registered nurse and was referred to a doctor for further evaluation and treatment.  Plaintiff was seen again on November 12 and on November 19, 2010, he underwent an MRI that showed a strain and possible partial tear.  Plaintiff was also hospitalized from November 12, 2010, through November 15, 2010, for pneumonia.  On December 3, 2010, Plaintiff was seen by Dr. Smith, who recommended an urgent repair of the right bicep.  On December 14, 2010, Plaintiff underwent a biceps tendon repair.

2

Plaintiff contends that medical staff was deliberately indifferent because it took two months to refer him to a physician who could order surgery.  He also alleges that after surgery, he was placed on a top bunk despite his complaints.

**C.**   **ANALYSIS**

    1.    *North Kern State Prison and California Prison Health Care Services*

Plaintiff names North Kern State Prison and California Prison Health Care Services as Defendants.  Plaintiff cannot, however, maintain an action against a state prison or a state agency.

The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state.  Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant.  See Natural Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity).

Because North Kern State Prison is a part of the California Department of Corrections and Rehabilitation, which is a state agency, it is entitled to Eleventh Amendment immunity from suit.  Similarly, California Prison Health Care Services is a state agency and is entitled to Eleventh Amendment immunity.

Plaintiff is therefore unable to state a claim against either North Kern State Prison or California Prison Health Care Services.

    2.    *Warden Hence*

Plaintiff also names Warden Hence, but he fails to allege any facts to connect Defendant Hence to any treatment and/or medical decisions.

Under section 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  _Ashcroft v. Iqbal_, 556 U.S. 662, 676-77 (2009); _Simmons v. Navajo County, Ariz._, 609 F.3d 1011, 1020-21 (9th Cir. 2010); _Ewing v. City of Stockton_, 588 F.3d 1218, 1235 (9th Cir. 2009); _Jones v. Williams_, 297 F.3d 930, 934 (9th Cir. 2002).  Liability may not be imposed on supervisory personnel under the theory of _respondeat superior_, as each defendant is only liable for his or her own misconduct.  _Iqbal_, 556 U.S. at 676-77, 129 S.Ct. at 1948-49; _Ewing_, 588 F.3d at 1235.  Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  _Taylor v. List_, 880 F.2d 1040, 1045 (9th Cir. 1989); _accord_ _Starr v. Baca_, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).

Here, Plaintiff has not alleged any facts against Defendant Hence and he has therefore failed to state a claim against her.

3.    _Eighth Amendment Claim_

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement.  _Morgan v. Morgensen_, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing _Farmer v. Brennan_, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and _Rhodes v. Chapman_, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted).  While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain.  _Morgan_, 465 F.3d at 1045 (citing _Rhodes_, 452 U.S. at 347) (quotation marks omitted).

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, _Johnson v. Lewis_, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, _Morgan_, 465 F.3d at 1045 (quotation marks omitted).  To maintain an Eighth Amendment claim, inmates must show deliberate indifference

to a substantial risk of harm to their health or safety.  E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

For claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122. Deliberate indifference may be shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096) (internal quotation marks omitted).

Plaintiff alleges that the two month delay in receiving surgery, and perhaps a failure to lace Plaintiff on a bottom bunk, demonstrates deliberate indifference to a serious medical need. However, Plaintiff has presented the Court with no facts to demonstrate that any Defendant acted with the requisite state of mind.  "Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  Id. at 1057 (quoting

Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'"  Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff's exhibits demonstrate that he received near constant treatment from the time he injured his arm to the time he had surgery in December.  Although Plaintiff states it took two months to be seen by a doctor, he was receiving medical care throughout the two month window. Plaintiff's belief that he should have been seen sooner does not, without additional facts, demonstrate deliberate indifference.  A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [section] 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted); accord Snow v. McDaniel, 681 F.3d 978, 987-88 (9th Cir. 2012); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012).  To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health."  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted); accord Snow, 681 F.3d at 987-88.

Moreover, Plaintiff has failed to link a named Defendant to the allegedly deficient treatment.  As explained above, under section 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009).

Accordingly, Plaintiff fails to state a claim for which relief may be granted against any Defendant.  The Court will grant Plaintiff one opportunity to amend his complaint.  However, he should only amend if he do so in good faith.

## D.    CONCLUSION AND ORDER

Plaintiff's FAC therefore fails to state a claim for which relief may be granted. However, the Court will provide Plaintiff with the opportunity to file an amended complaint. Lopez v.

Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.  Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.  The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4.  If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **August 12, 2013**                    /s/ Dennis L. Beck
                                         UNITED STATES MAGISTRATE JUDGE

7