# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MIGUEL AMEZCUA-GARCIA,

    Plaintiff,

vs.

NORTH KERN STATE PRISON, et al.,

    Defendants.

) 1:12cv01891 DLB PC
)
)
) ORDER DISMISSING SECOND
) AMENDED COMPLAINT
) WITHOUT LEAVE TO AMEND
)
)
)
)

    Plaintiff Miguel Amezcua-Garcia ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983. Plaintiff filed this action on September 14, 2012, in the Northern District of California. The action was transferred to this Court on November 19, 2012. On January 18, 2013, Plaintiff filed a First Amended Complaint ("FAC") as of right. The Court screened the complaint on August 13, 2013, and it was dismissed with leave to amend.

    Plaintiff filed his Second Amended Complaint ("SAC") on August 23, 2013. He names North Kern State Prison Warden Lydia Hence, Chief Deputy Secretary of the Division of Correctional Health Care Services Robin Dezember, Inspector General David Chaw and Dr. Smith as Defendants.[1]

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on December 3, 2012.

1

A.  **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

B.  **PLAINTIFF'S ALLEGATIONS**

The events at issue occurred while Plaintiff was incarcerated at North Kern State Prison.  He is currently incarcerated at Giles W. Dalby Correctional Facility in Post, Texas.

Plaintiff alleges that on October 27, 2010, he injured his arm while lifting a water jug in the kitchen of North Kern State Prison.  After the injury, he reported his condition to Officers Galindo and Gutierrez, and they told him that he could not work anymore.  The officers told Plaintiff that they would file an injury report, but they failed to do so and did not bring Plaintiff to the medical department.

Plaintiff alleges that he suffered excruciating pain due to the right bicep injury and was given only Ibuprofen and Motrin.

On December 3, 2010, Plaintiff was seen by Dr. Smith, who recommended an urgent repair of the right bicep.

Plaintiff was subsequently treated by Dr. Austria, Dr. Flores and Dr. Ebneshahidi, but none of them recommended any post-surgery therapy.

2

Plaintiff contends that Defendant Hence and the medical department "intentionally" failed to provide proper medical care, and that the medical department failed to provide after-care or physical therapy. He alleges that he has limited use of his arm and that it is very sensitive.

Plaintiff alleges a violation of the Eighth Amendment and requests two million dollars in damages.

**C.    ANALYSIS**

1.    Defendants Dezember and Chaw

Plaintiff names Robin Dezember, the Chief Deputy Secretary of the Division of Correctional Health Care Services, and David Chaw, California Inspector General, as Defendants.

In his prior complaint, Plaintiff named the Division of Correctional Health Care Services as a Defendant. The Court explained that pursuant to the Eleventh Amendment, he could not pursue an action against a state agency.

Plaintiff likely named Defendant Dezember in response to this information. He does not, however, link either Defendant Dezember or Defendant Chaw to any alleged violation.

The Court explained in the prior screening order that under section 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1948-49; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045

(9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).

Plaintiff has not met this standard and therefore fails to state a claim against either Defendant Dezember or Defendant Chaw.  To the extent he cites a general denial of medical care, such a general, unspecific statement is insufficient to state a claim.

Plaintiff has been given the standard for stating a claim against individuals directly involved in his medical care and those in supervisory positions.  He has failed to correct the deficiency.

2. Defendant Hence

Plaintiff's only allegation against Defendant Hence states that she "inflicted cruel and unusual punishment by failing to provide proper medical care."  SAC 3.  He goes on to allege that he was not provided with proper medication and/or post-surgery treatment, but he does not link Defendant Hence to any acts taken against him.

Again, Plaintiff was previously informed of the standard for alleging supervisory liability.  The Court also explained that he had failed to allege *any* facts against Defendant Hence.  Plaintiff's conclusory statement, unsupported by any facts, fails to correct this deficiency.  Plaintiff therefore fails to state a claim against Defendant Hence.

3. Eighth Amendment Claim

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted).  While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain.  Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, inmates must show deliberate indifference to a substantial risk of harm to their health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

For claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122. Deliberate indifference may be shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096) (internal quotation marks omitted).

In the Court's prior screening order, the Court explained that Plaintiff had failed to connect any Defendant with any medical treatment and had failed to allege that any Defendant

5

acted with the requisite state of mind.  The Court also noted that Plaintiff's exhibits demonstrated that he received near constant treatment from the time of the injury to the time of the December surgery.  Plaintiff's allegations simply amounted to a difference of opinion.

Plaintiff again complains of inadequate pain medication and a failure to recommend post-surgery therapy, but he did not correct the deficiency.  "Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'"  Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

At most, Plaintiff alleges no more than a disagreement with his treatment plan.  A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [section] 1983 claim."  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted); accord Snow v. McDaniel, 681 F.3d 978, 987-88 (9th Cir. 2012); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012).  To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health."  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted); accord Snow, 681 F.3d at 987-88.

Moreover, although Plaintiff names doctors and officers that he contends were involved with his care, he does not name them as Defendants.  Plaintiff names Defendant Smith, but he recommended surgery and there is no indication that he denied treatment in any way

In any event, Plaintiff has again failed to specifically allege facts to suggest that any Defendant acted with the requisite state of mind.  Plaintiff has been presented with the standard for an Eighth Amendment claim, but has failed to correct the deficiency.

**D.    CONCLUSION AND ORDER**

Plaintiff's SAC therefore fails to state a claim for which relief may be granted.  Plaintiff has been given an opportunity to amend his complaint, but he has failed to correct any of the prior deficiencies.  Accordingly, as it does not appear that the deficiencies can be corrected, dismissal with leave to amend is not warranted.  Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

IT IS HEREBY ORDERED that this action be DISMISSED WITHOUT LEAVE TO AMEND.  This terminates this action in its entirety.

IT IS SO ORDERED.

Dated:   **March 5, 2014**                              /s/ Dennis L. Beck
                                                        UNITED STATES MAGISTRATE JUDGE